**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MEL LAURN PROPERTIES, INC., FELIX LABBAN, and SOOL LABBAN,**

    **Plaintiffs,**

-vs-                                              **Case No. 6:12-cv-912-Orl-28GJK**

**HANCOCK BANK, JEFFRY R. JONTZ, JUDGE LISA MUNYON, and HARRY W. CHAMP,**

    **Defendants.**

_____

## ORDER

This cause is before the Court on the Complaint (Docs. 1 & 2), in which Plaintiffs—appearing pro se[1]—seek an "Emergency Temporary Restraining Order." Although the entire course of events that led to the filing of this lawsuit is unclear, it is apparent that the case arises from state court mortgage foreclosure proceedings.

A Final Judgment of Foreclosure ("Annex 2" to Doc. 1) was entered by Florida circuit court judge Lisa Runyon in March 2011, and a foreclosure sale was scheduled for May 13, 2011, though it is not clear from the filings whether that sale was held as scheduled. Plaintiffs filed this suit on June 18, 2012, and they seek in part to halt the closing of a sale of the subject property by the foreclosing bank to a third party that is scheduled for June 20,

---

[1] "Mel Laurn Properties, Inc."—an apparent corporate entity—has not appeared through counsel as required by Local Rule 2.03(e). The pro se Plaintiffs may not represent Mel Laurn Properties, Inc. in this Court.

2012. They have named as Defendants the foreclosing bank, the bank's attorney, the state court judge, and the listing realtor. Plaintiffs allege, inter alia, that the foreclosure judgment must be set aside for lack of consideration and that the mortgage was "discharged by bailout."

Because Plaintiffs ask this Court to review and set aside the state court's foreclosure judgment, this Court lacks subject matter jurisdiction and this case must be dismissed under the Rooker/Feldman[2] doctrine. Under this doctrine, "federal courts—other than the Supreme Court—do not have subject matter jurisdiction over 'cases brought by state-court losers [(1)] complaining of injuries cased by state court judgments rendered before the [federal] district court proceedings commenced and [(2)] inviting district court review and rejection of those judgments.'" Parker v. Potter, 368 F. App'x 945, 948 (11th Cir. 2010) (alteration in original) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); accord Mickens v. 10th Judicial Circuit Court, 458 F. App'x 839, 840-41 (11th Cir. 2012).

This case, like other actions in which foreclosure set-aside has been sought, meets these criteria and must be dismissed. See, e.g., Postma v. First Fed. Sav. & Loan of Sioux City, 74 F.3d 160 (8th Cir. 1996); Morris v. Am. Home Mtge. Servicing, Inc., 443 F. App'x 22, 24 (5th Cir. 2011); Thompson v. Ameriquest Mortgage Co., No. 03 C 3256, 2003 WL 22012207, at *3 (N.D. Ill. Aug. 21, 2003) ("In essence, Plaintiff's numerous past filings, as well as her present action, all endeavor to remedy one injury – foreclosure on her home. . . . Plaintiff's complaint asks us to draw a different conclusion than that reached by the [state]

---

[2]Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Circuit Court. As a consequence, we are without subject matter jurisdiction to hear Plaintiff's claims pursuant to the Rooker-Feldman Doctrine."); Rene v. Citibank NA, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) ("The claims raised in the plaintiffs' Complaint implicate the propriety of the state judgment of foreclosure and eviction—the very issues apparently decided by the state court. Because the Rooker-Feldman doctrine compels a federal court to give full faith and credit to the judgments of state courts, see 28 U.S.C. § 1738, this Court is without subject matter jurisdiction to hear this case.").[3]

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED** for lack of subject matter jurisdiction.

2. Plaintiffs' Request for Emergency Temporary Restraining Order (Doc. 2) is **DENIED as moot**.

3. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida this 18th day of June, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

---

[3] Moreover, to the extent Plaintiffs are suing the state court judge, that judge enjoys absolute immunity from suit in any event.